### STATE ex WEINTROB v STATE BOARD OF OPTOMETRY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2250. Decided March 17, 1933

Mooney, Hahn, Loeser, Keough & Beam, Cleveland, for relator.

John W. Bricker, Attorney General, Columbus, Perry L. Graham, Cleveland, for respondents.

### BY THE COURT

This is a proceeding in mandamus. The relator seeks an order of the court requiring the respondents to issue to him a license permitting him to practice optometry in the State of Ohio.

We have considered with care the evidence which has been submitted in this case as well as the briefs which have been filed by counsel.

We shall not attempt to discuss in detail either the evidence or the authorities submitted by counsel. We will content ourselves with announcing the conclusion at which we have arrived after a consideration of the evidence and the briefs of counsel.

In brief, however, it appears that in November of 1931 the relator submitted himself to an examination for a certificate to practice optometry in the state of Ohio.

The record discloses that the relator was examined in the subjects required by §1295-28, GC, which section provides that the examination shall consist of a test "in practical, theoretical and physiological optics, in theoretical and practical optometry and in the anatomy and physiology of the eye and in pathology as applied to optometry.

The record discloses the percents received by relator upon these different subjects and also shows that his average grade was 74¼%. The passing grade was 75%.

The above mentioned exaxminations were in writing upon examination papers which were distributed among the members of the Board, who graded the papers and forwarded the result of such grading to the Secretary of the Board. This was the practice followed in the examination of other applicants for license.

The record further discloses that some of the examiners upon their report to the Secretary designated a grade as "oral" examination. This oral examination had to do with the practical operation of instruments, etc. The rules of the Board however required a qualitative grading and not a quantitative grading in such test and that in such oral test the examiner gave to the relator a grdae of 85%.

The record discloses that such grade was not recognized by the Board as a whole and was not considered in determining the passing grade of an applicant. It is not a part of the examination defined in §1295-28 GC.

Did the relator successfully pass the examination? This is the only question for the court's determination.

If the relator did successfully pass the examination, then he is entitled to a license.

This court has had the subject of mandamus before it upon many occasions and has frequently held that the writ will not issue unless the relator has shown a clear right to it; that where an official or Board refuses to perform a duty or exercise a discretion vested in it by law, mandamus may be invoked to require the performance of such duty or the exercise of such discretion. As above stated, however, the relator must establish a clear right to such writ before he is entitled thereto.

The record discloses several features that would naturally cause the relator to question the good faith of the Board in its final

determination that relator had not passed the examination.

The Secretary sent a letter to relator stating that his examination in November met the requirements of the Board and that a license would be issued to him. This letter is set forth in full in the record. It is excused by the Secretary upon the ground that he was sick and that his assistant inadvertently sent out the letter, although he admits having signed the same.

The President of the Board subsequently wrote relator that his grades on the written examination were not sufficient to enable him to pass and that it was found that for him to pass the examination it was necessary to give him a quantitative credit on his practical and verbal exaxmination. The letter then referred to the past activities of the relator in reference to price advertising and enclosed an affidavit which it was suggested the relator sign and upon its receipt duly executed further consideration would be given his application because of the low grades made in the written examination.

This letter and the accompanying affidavit are set forth in detail in the record. It is sufficient to say that the affidavit submitted was not executed by the relator and should not have been requested by the President of the Board. Counsel for respondents frankly admit that the request for the execution of this affidavit by the President of the Board was unwarranted.

The President of the Board claims to have acted upon the advice of counsel. The President and Secretary of this Board are public officials entitled to the advice of the Attorney General, who appears in this law suit. There is no claim in the record that the then Attorney General or any of his assistants gave the advice suggested.

This court recently had the Act in question before it for consideration and without quoting that decision in detail, we held in substance that the statute did not forbid all advertising, but only fraudulent advertising. While the letter of the Secretary, together with the letter and enclosed affidavit of the President of the Board were, to say the least, unfortunate acts upon the part of public officials, yet the question for determination is, "Did the relator successfully pass the examination prescribed by the statute and by the rules of the Board?"

From our consideration of the record we cannot escape the conclusion that relator failed by a fraction of a per cent. to secure the required 75% grade and therefore this court would be without authority to issue a writ of mandamus.

The petition will therefore be dismissed.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.